### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

S. SCOTT SEWELL                                    CIVIL ACTION

VERSUS                                             NO. 12-3019

MDM SERVICES CORP.,                                SECTION "B"(4)
MICHAEL FLOWER, CYNTHIA
WILLIAMS, STEADFAST INS. CO.,
AND HCC SURETY GROUP

### ORDER AND REASONS

Before the Court are Defendants MDM Services Corporation's
("MDM") and Michael Flower's ("Flower") (collectively,
"Defendants") Motion to Remand and Plaintiff S. Scott Sewell's
("Sewell") Opposition to the Motion, as well as Defendants' Reply
Memorandum in support of their Motion.  (Rec. Docs. No. 7, 12, &
21).  Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion to Remand is **GRANTED** and
the above-captioned matter is **REMANDED** to state court.

Cause of Action and Facts of the Case:

This action arises out of disputes stemming from an employment
contract between Sewell and Defendants.  (Rec. Docs. No. 7-1 & 12).
In January 2008, MDM hired Sewell to serve as its President;
Sewell's employment with MDM was terminated in November 2009.
(Rec. Docs. No. 7 at 2-3, 12 at 3-4).  In March 2010, Sewell filed
this action in state court Civil District Court for the Parish of
Orleans, State of Louisiana ("State Court"), seeking damages and

costs for state law claims including: defamation, intentional infliction of emotional distress, conversion, breach of contract and Defendant MDM's refusal to convey Sewell's alleged 49% ownership in MDM. (Rec. Docs. No. 1-1 at 1 - 13, 7-1 at 3, & 12 at 7). The case has been active in the state court for almost three years, with ample discovery produced by both sides. (Rec. Docs. No. 1-1 & 7-1 at 4). In the state court claim, MDM has filed a reconventional demand against Sewell seeking damages for breach of fiduciary duty. (Rec. Docs. No. 12 at 8 & 21 at 4).

On December 6, 2012, Sewell filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in United States Bankruptcy Court for the Eastern District of Louisiana which is pending as *In re Stephen Scott Sewell*, Case No. 12-13616 ("the Bankruptcy Action"). (Rec. Doc. No. 1 at 1). On December 21, 2012, Sewell removed the instant action to federal court from state court, citing it was a "core proceeding" in the Bankruptcy Action.[1] (Rec. Doc. No. 1 at 2).

Defendants now seek remand of this matter to state court, arguing that the case should be remanded either under the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) or in the alternative, under equitable and discretionary abstention under 28

---

[1]Sewell asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and that the action is one which can be removed to this Court pursuant to 28 U.S.C. §§ 1452 and 1334 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. (Rec. Doc. No. 1 at 2).

U.S.C. §§ 1452(b) and 1334(c)(1).  (Rec. Doc. No. 7 at 1).

<u>Law & Analysis</u>

"A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claims or cause of action under section 1334 of this title."  28 U.S.C. § 1452.  Section 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  "A defendant may remove a civil action filed in state court if it is at least related to a bankruptcy case." *Nase v. Teco Energy, Inc., et al.*, Civ. A. No. 09-7659, 2010 WL 924290, at *2 (E.D. La. March 9, 2010), citing 28 U.S.C. §§ 1334, 1452(a).  Such actions are "related to" a bankruptcy case if the litigation could "conceivably affect" the bankruptcy estate, i.e., by altering the debtor's rights, liabilities, options or freedom of action, either positively or negatively.  *Id.* at 3, citing *Lone Star Fund V(US) v. Barclays Bank PLC*, 594 F.3d 383, 2010 WL 60897 at *2 (5th Cir. 2010), *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007).

However, "[u]nder § 1334(c)(2) ... courts *must* abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) 'if an action is commenced, and can be timely adjudicated in a State forum of

appropriate jurisdiction.'" *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). "Mandatory abstention [under § 1334(c)(2)] applies only to non-core proceedings – that is proceedings 'related to a case under title 11,' but not arising under title 11, or arising in a case under title 11." *Id.*, citing 28 U.S.C. §§ 157(b)(1) and 1334(c)(2). Therefore, mandatory abstention is triggered by six requirements:

> (1) a "timely" motion for abstention;
> (2) the action must be based upon a state law claim or state law cause of action;
> (3) the action must be "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code or "arising in" a case under the Bankruptcy Code
> (4) the sole federal jurisdictional basis for the action must be § 1334;
> (5) an action must have been commenced and is pending in a state forum of appropriate jurisdiction; and
> (6) the pending state court action must be one that can timely be adjudicated in that forum.

*See Covanta Onodaga Limited v. Onondaga County Resource Recovery Agency*, 281 B.R. 809, 816 (N.D. NY 2002); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 493 (E.D. La. 1990), citing *In re Titan Energy, Inc.*, 837 F.2d 35, 333 n.14 (8th Cir. 1988), *In re Allied Mechanical & Plumbing Corp. v. Dynamic Hostels Housing & Development Co.*, 62 B.R. 873, 877-78 (Bankr. S.D.N.Y. 1986).

Sewell concedes that the first requirement is met, and that the Defendants' motion to remand seeking mandatory abstention was timely filed within 30 days of the removal of the instant action to this Court, pursuant to 28 U.S.C. § 1447(a) and Fed. R. Civ. P. 6. (Rec. Docs. No. 7-1 at 5, 12 at 10). As to the second requirement,

4

Sewell attempts to dispute that the cause of action is based upon state law, by arguing that the status of Flower as a service disabled veteran implicates federal law. (Rec. Doc. No. 12 at 10). However, Sewell has never invoked federal question jurisdiction pursuant to 28 U.S.C. § 1331 and fails to identify a federal statute that must be interpreted by the state court in order to adjudicate his claims. (Rec. Docs. No. 1 & 12 at 10). Sewell filed the instant action in state court three years ago, seeking damages for state law claims such as conversion, breach of contract, and defamation, among others. (Rec. Doc. No. 1-1 at 13). Further, "the mere fact that a federal standard is to be referenced by a state court," does not create a federal issue. *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 543 (5th Cir. 2012), citing *Grable & Sons Metal Products, Inc., v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Therefore, Sewell cannot transform his state law claims into a federal question merely by referencing Flower's possible status as a disabled veteran pursuant to federal law, and the second requirement that the action is based on state law claims is met.

The third and fourth requirements both hinge on whether the instant action is a "core proceeding" to Sewell's pending bankruptcy action. The third requirement mandates that the instant action is merely "related to" the pending bankruptcy proceeding, and is not a core proceeding pursuant to 28 U.S.C. § 157. *Matter*

5

*of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). Under Section 157, "a proceeding is only core 'if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Nase*, 2010 WL 924290, at *3, quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). "A state contract action that, had there been no bankruptcy, could have proceeded in state court" is non-core. *Wood*, 825 F.2d at 97. Here, the claims that Sewell asserts under state law, including breach of contract, defamation, and intentional infliction of emotional distress, do not invoke a substantive right provided by Title 11 and are not of a nature that could "only arise in the context of a bankruptcy case;" to the contrary, Sewell asserted these claims nearly three years before filing for bankruptcy in federal court. (Rec. Docs. No. 1-1 at 13). Likewise, the mere fact that Defendants' assert a reconventional demand based on state law claims of fiduciary duty which may affect property belonging to Sewell's bankruptcy estate is not enough to make the instant action a "core proceeding" under Section 157. 28 U.S.C § 157; *Wood*, 825 F.2d at 97. Therefore, both the third and fourth requirements for mandatory abstention are met; it is a non-core proceeding which is merely related to the pending bankruptcy action, and Section 1334 is the sole basis for federal jurisdiction.

Finally, the fifth and sixth requirements for mandatory

abstention are met:  (1) the action has been commenced and is pending in a proper state forum[2], in Civil District Court for the Parish of Orleans and (2) Sewell fails to identify any reason why the proceeding could not be timely adjudicated upon remand to state court. (Rec. Docs. No. 1 & 12 at 1).  Indeed, the parties and the state court have already invested valuable time and resources in the instant action, as evidenced by the voluminous record which Sewell attached to his Notice of Removal. (Rec. Docs. No. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, & 1-8).  In the absence of a showing that the instant state law claims are a "core proceeding" to Sewell's bankruptcy action, a failure to establish federal jurisdiction independent of Section 1334, and no demonstration that timely adjudication would not take place in a proper forum of State Court, the requirements of Section 1334(c)(2) are met and mandatory abstention applies.[3]

New Orleans, Louisiana, this 13th day of May, 2013.

UNITED STATES DISTRICT JUDGE

---

[2]  The Defendants challenged venue and jurisdiction in the state court, and the state court overruled these objections, both at the appellate and state supreme court level.  (Rec. Doc. No. 7-1 at 7).

[3]  Because mandatory abstention under 28 U.S.C. § 1334(c)(2) applies, the Court need not address the Defendants' alternate motion for equitable and discretionary abstention under 28 U.S.C. §§ 1452(b) and 1334(c)(1).